## Case No. 3,432.
### CROSS v. The DOLPHIN.

[Bee, 152.][1]

District Court, D. South Carolina.  Feb. 28, 1800.

RECAPTURED VESSEL—ASCERTAINMENT OF SALVAGE.

In case of recapture by a public vessel of war, the salvage can only be ascertained by sale of the recaptured property, unless both parties consent to an appraisement.

In this case salvage was decreed, and a sale of the vessel ordered. Claimant's counsel requested the court to direct an appraisement instead of a sale. The judge said that he had carefully examined the different acts of congress relative to captures and recaptures, and that they made an evident distinction between captures by a private vessel, and those of a public vessel of war, as was the present case. In the former instance, the court might direct the prize to be delivered over to the captors, or to be sold. In the latter, there is no discretion; the vessel taken must be sold. These distinctions, he said, were applicable to the question of salvage, and must guide him on this occasion; he should, therefore, adhere to the original decree, unless both parties would agree that appraisement should be substituted for sale. In such case, he did not doubt the power of the court to concur; and would order a sale of such parts of the cargo as might be sufficient to pay expenses and salvage. Accordingly, the following order was made: "The agents for the recaptors, and also the agent for the owners of the brig Dolphin, having, in open court, consented to fix the valuation of said brig and her cargo by appraisement, in order to ascertain the amount of one eighth part for salvage, ordered and decreed that A, B, C, D. &c., or any three of them, be appraisers for the above purpose; and that they make a return of the value of said brig and her cargo, on oath, under their hands and seals, into the office of the registrar of this court, within ten days. That the marshal sell at public auction, after the usual notice, such part of the cargo of said brig as will amount to one eighth of the value thereof, to be paid for salvage, free of deduction; together with all costs and expenses of this suit, and all other charges incident to the sale. That the marshal pay said amount of one eighth part to the agents for the officers and crew of the frigate John Adams; and after payment of costs and expenses, that he restore the said brig and the remainder of her cargo to the agent of the owners."

CROSS (GREENLEAF v.).  See Case No. 5,777.

[1] [Reported by Hon. Thomas Bee, District Judge.]

## Case No. 3,433.
### CROSS v. MORGAN.

Circuit Court, D. New Jersey.  March 22, 1881.
[See 6 Fed. 241.]

CROSS (POSTMASTER GENERAL v.).  See Case No. 11,306.

## Case No. 3,434.
### CROSS v. UNITED STATES.

[1 Gall. 26.][1]

Circuit Court, D. Massachusetts.  May Term, 1812.

VIOLATION OF EMBARGO—DECLARATION — DOUBLE DAMAGES.

1. In debt for a penalty on a statute, the declaration must conclude against the form of the statute, or it will be bad on error.
[Cited in U. S. v. Babson, Case No. 14,489; Jewett v. Cunard, Id. 7,310; Walsh v. U. S., Id. 17,116; U. S. v. Batchelder, Id. 14,541; Fish v. Manning, 31 Fed. 341.]

2. In debt for the double value under the third section of the embargo act (Jan. 9, 1808, c. 8) it is not necessary to allege the particular articles which composed the cargo; nor that the owner was knowingly concerned in the illegal voyage.

3. In such a case, if the jury find a verdict for a specific sum, it is to be considered as the double value of the vessel and cargo, unless the contrary appears.
[Cited in Sears v. U. S., Case No. 12,592; Smith v. U. S., Id. 13,122. Applied in U. S. v. Clarke, 20 Wall. (87 U. S.) 107.]

4. Where a statute gives the party double or treble damages, the jury may find the single damages, and the court will double or treble them. And a general verdict will be deemed for single damages, unless the contrary appear. But a verdict for the double or treble damages will be good, if expressly so found.
[Cited in The Idaho, 29 Fed. 187.]

[5. Cited in Cleveland Ins. Co. v. Globe Ins. Co., 98 U. S. 375, to the point that seizures made on waters which are navigable from the sea by vessels of 10 or more tons burthen are exclusively cognizable in the admiralty, subject to appeal to the circuit courts.]

[Error to the district court of the United States for the district of Massachusetts.]

[Action by the United States against Thomas Cross to recover a penalty under the embargo act of 1808.]

C. Jackson, for plaintiff in error.
G. Blake, for the United States.

STORY, Circuit Justice, delivered the opinion of the court.

This action is debt for a recovery of the double value of vessel and cargo, under the third section of the embargo act of Jan. 9, 1808, c. 8 [2 Stat. 454]. The declaration alleges, that on the 9th of October, 1808, sundry goods and merchandize, of domestic growth and manufacture, viz. 300 barrels of flour, 50 barrels of beef, 3 tons of butter, 10

[1] [Reported by John Gallison, Esq.]